UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/598,480 | 10/10/2019 | Andysheh Tabrizi | RCA-005 | 4678 |

51414          7590          01/31/2020
GOODWIN PROCTER LLP
PATENT ADMINISTRATOR
100 NORTHERN AVENUE
BOSTON, MA 02210

| EXAMINER |
|---|
| CORBO, NICHOLAS T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2424 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/31/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

JGoodwin@goodwinlaw.com
PSousa-Atwood@goodwinlaw.com
US-PatentBos@goodwinlaw.com

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.**<br>16/598,480 | **Applicant(s)**<br>Tabrizi et al. |
|---|---|---|
| | **Examiner**<br>NICHOLAS T CORBO | **Art Unit**<br>2424 | **AIA (FITF) Status**<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☑ Responsive to communication(s) filed on 10/10/2019.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**          2b) ☑ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s)   1-20 is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 1-20 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☑ The drawing(s) filed on 10/10/2019 is/are:  a) ☑  accepted or  b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
   a) ☐ All      b) ☐ Some**      c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 16/598,480                                                      Page 2
Art Unit: 2424

*Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

**DETAILED ACTION**

*Claim Rejections - 35 USC § 101*

1.      35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of
> matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the
> conditions and requirements of this title.

2.      Claims 1-20 are rejected under 35 U.S.C. 101 because the claimed invention is directed to an

abstract idea without significantly more. The claims recite receiving a schedule for events, generating a

network map based on the schedule, and automatically updating the network map based on either a

change to the schedule or updated data, which are all mental processes capable of being performed in

the human mind or on pen and paper. This judicial exception is not integrated into a practical

application because not only does the abstract idea of claims 1-13 fail to positively recite that a

computer is actually executing the code the abstract idea represents, only that the code "can be"

implemented by a computer, and the abstract idea of claims 14-20 merely recites a computer that is

"*programmed* to perform" an operation rather than actually performing/executing the operation, claims

1-20 merely use a computer as a tool to perform an abstract idea. The claims do not include additional

elements that are sufficient to amount to significantly more than the judicial exception because the

machine learning technique cited in claims 11 and 13 are also interpreted as code written to allow a

computer to learn a pattern using models, which is also interpreted as capable of being performed in

the human mind or on pen and paper, and therefore also does not positively recite any computer

executing the code.

Application/Control Number: 16/598,480                                                                Page 3
Art Unit: 2424

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

### *Claim Rejections - 35 USC § 102*

3.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis

for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale
or otherwise available to the public before the effective filing date of the claimed invention.


4.      Claims 1-8, 10, 12, and 14-20 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by

Knudson et al (hereinafter Knudson) US 6536041.


Referring to claim 1, Knudson discloses a computer-implemented method for dynamically

generating a network map, the method comprising:

receiving a schedule for a plurality of events (**see Col. 6, Lines 11-14 for disclosing receiving**

**timing information/schedule for a plurality of events/programs**);

generating a network map based on the schedule (**see Fig. 3 and Col. 6, Lines 11-14 and Col. 8,**

**Lines 39-51 for disclosing the program listings information includes timing information/schedule that**

**is used to generate a program guide/map of the networks/channel for the events/programs available**

**at specific times**); and

automatically updating the network map based on at least one of (i) a change to the schedule

and (ii) updated data (**see Col. 13, Lines 4-48 for disclosing the system automatically updates the**

Application/Control Number: 16/598,480                                                                    Page 4
Art Unit: 2424

program guide information based on a change to the schedule and updated data, e.g., updated/real-time data that a game is delayed due to weather conditions).

Referring to claim 2, Knudson discloses the plurality of events comprises sporting events (**see Col. 13, Lines 4-48 for disclosing the events are sporting events**).

Referring to claim 3, Knudson discloses the sporting events comprise NFL games (**see Col. 11, Lines 54-64 for disclosing NFL games are a source for which the real-time data is received**).

Referring to claim 4, Knudson discloses the network map comprises a description of which event will be displayed on which channel at a particular time (**see Fig. 3 for disclosing a network map showing a description of events being displayed on different channels at a particular time**).

Referring to claim 5, Knudson discloses the channel comprises a television channel (**see Abstract for disclosing the disclosed program guide system is for use in an interactive television program guide**).

Referring to claim 6, Knudson discloses the change to the schedule comprises a manual change performed by a user (**see Col. 5, Line 53 – Col. 6, Line 10 for disclosing the change to the schedule, which originates from the real-time data source, is information that is provided to the television distribution facilities. This information requires some form of manual change via a user (e.g., a user provides the change of time information when the game is delayed)**).

Application/Control Number: 16/598,480    Page 5
Art Unit: 2424

Referring to claim 7, Knudson discloses the updated data comprises data selected from the group consisting of weather data as seen in the rejection of claim 1.

Referring to claim 8, Knudson discloses the step of automatically updating the network map comprises optimizing the network map based on a particular parameter (**see the rejection of claim 1 for disclosing the automatic updating of the program guide is optimized/made better based on a particular parameter in the form of real-time accuracy of presentation information**).

Referring to claim 10, Knudson discloses the step of automatically updating the network map occurs in real time as seen in the rejection of claim 1.

Referring to claim 12, Knudson discloses prior to the receiving step, generating the schedule for the plurality of events (**see Col. 6, Lines 11-14 for disclosing the timing information/schedule for the plurality of events/programs of the program listings data has been generated prior to being received by the television distribution facility**).

Claim 14 is rejected on the same grounds as claim 1, further noting Knudson discloses a computer programmed to perform operations (**see Col. 6, Lines 54-57**).

Claim 15 is rejected on the same grounds as claim 2.

Claim 16 is rejected on the same grounds as claim 4.

Claim 17 is rejected on the same grounds as claim 7.

Application/Control Number: 16/598,480                                                                 Page 6
Art Unit: 2424

Claim 18 is rejected on the same grounds as claim 8.

Claim 19 is rejected on the same grounds as claim 10.

Claim 20 is rejected on the same grounds as claim 12.

### *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
> not identically disclosed as set forth in section 102, if the differences between the claimed invention
> and the prior art are such that the claimed invention as a whole would have been obvious before the
> effective filing date of the claimed invention to a person having ordinary skill in the art to which the
> claimed invention pertains. Patentability shall not be negated by the manner in which the invention
> was made.

6.      Claims 11 and 13 are rejected under 35 U.S.C. 103 as being unpatentable over Knudson et al

(hereinafter Knudson) US 6536041.

Referring to claim 11, Knudson discloses the step of automatically updating the network map as

seen in the rejection of claim 1.

Knudson is unclear as to using a machine learning technique.

Official Notice is taken that the use of a machine learning technique is well known in the art.

Therefore, it would have been obvious to a person having ordinary skill in the art, before the effective

filing date of the claimed invention, to modify Knudson to use a machine learning technique so that a

computer could be allowed to learn a pattern using models.

Application/Control Number: 16/598,480                                                    Page 7
Art Unit: 2424

Referring to claim 13, Knudson discloses the step of generating the schedule as seen in the rejection of claim 12.

Knudson is unclear as to using a machine learning technique.

Official Notice is taken that the use of a machine learning technique is well known in the art. Therefore, it would have been obvious to a person having ordinary skill in the art, before the effective filing date of the claimed invention, to modify Knudson to use a machine learning technique so that a computer could be allowed to learn a pattern using models.


7.      Claim 9 is rejected under 35 U.S.C. 103 as being unpatentable over Knudson et al (hereinafter Knudson) US 6536041 in view of non-patent literature from the506.com captured via archive.org (hereinafter "the506").


Referring to claim 9, Knudson discloses the limitations as seen in the rejection of claim 8.

Knudson is unclear as to the particular parameter comprises a projected overall rating or a projected rating in a certain market.

"the506" discloses the particular parameter comprises a projected overall rating or a projected rating in a certain market (**see page 2, Blackouts section and Page 3, Flex Scheduling section for multiple examples of projected ratings determining the optimal update to the network map/change to the scheduled time and channel of the event**).

Before the effective filing date of the claimed invention, it would have been obvious to a person having ordinary skill in the art to incorporate the ratings parameter of "the506" with the system of Knudson in order to allow the choice as to which game is to be shown to be determined by which game to be projected to do the best or garner the larger ratings (**see page 2, Blackouts section**).

Application/Control Number: 16/598,480                                                      Page 8
Art Unit: 2424

*Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to NICHOLAS T CORBO whose telephone number is (571)270-5675.  The examiner

can normally be reached on Monday - Friday 11am-7pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Pankaj Kumar can be reached on 571-272-3011.  The fax phone number for the organization where this

application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system.  Status information for published applications may be obtained

from either Private PAIR or Public PAIR.  Status information for unpublished applications is available

through Private PAIR only.  For more information about the PAIR system, see http://pair-

direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer

Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR

CANADA) or 571-272-1000.

/NICHOLAS T CORBO/                                          01/27/2020
Primary Examiner, Art Unit 2427