Docket No.: RCA-005
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Andysheh Tabrizi et al.

| | |
|---|---|
| Application No.: 16/598,480 | Confirmation No.: 4678 |
| Filed: October 10, 2019 | Art Unit: 2424 |
| For:  SYSTEMS AND METHODS FOR AUTOMATICALLY AND DYNAMICALLY GENERATING A NETWORK MAP | Examiner: Corbo, Nicholas T. |

MS Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## AMENDMENT AND RESPONSE

This paper responds to the Office action electronically sent from the Patent Office on January 31, 2020.

Applicant believes that no additional fees are due in connection with the filing of this paper; however, in the event that any such fees are due, the Commissioner is hereby authorized to charge such fees to Deposit Account No. 07-1700 (under Ref. No. RCA-005).

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Application No.: 16/598,480                                          Docket No.: RCA-005

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of claims:**

1.      (Currently Amended)  A computer-implemented method for dynamically generating a network map, the method comprising:

receiving a schedule for a plurality of events;

generating a network map based on the schedule and underlying criteria using a machine learning technique and data; [[and]]

displaying the network map to a user on a display having a graphical user interface depicting the network map in chart format;

automatically updating the network map on demand and in real time based on a user entered change to at least one of (i) a change to the schedule and (ii) the underlying criteria updated data; and

displaying an updated network map to the user on the display having the graphical user interface depicting the updated network map in chart format.

2.      (Original)  The method of claim 1, wherein the plurality of events comprises sporting events.

3.      (Original)  The method of claim 2, wherein the sporting events comprise NFL games.

4.      (Original)  The method of claim 1, wherein the network map comprises a description of which event will be displayed on which channel at a particular time.

5.      (Original)  The method of claim 4, wherein the channel comprises a television channel.

6.      (Original)  The method of claim 1, wherein the change to the schedule comprises a manual change performed by a user.

Application No.: 16/598,480                                                                 Docket No.: RCA-005

7.        (Currently Amended)  The method of claim 1, wherein the ~~updated~~ data comprises data selected from the group consisting of weather data, news data, and gambling data.

8.        (Original)  The method of claim 1, wherein the step of automatically updating the network map comprises optimizing the network map based on a particular parameter.

9.        (Original)  The method of claim 8, wherein the particular parameter comprises a projected overall rating or a projected rating in a certain market.

10.-11.  (Cancelled)

12.        (Original)  The method of claim 1, further comprising, prior to the receiving step, generating the schedule for the plurality of events.

13.        (Original)  The method of claim 12, wherein the step of generating the schedule comprises using a machine learning technique.

14.        (Currently Amended)  A system for dynamically generating a network map, the system comprising:

одна or more computers programmed to perform operations comprising:

receiving a schedule for a plurality of events;

generating a network map based on the schedule <u>and underlying criteria using a machine learning technique and data</u>; [[and]]

<u>displaying the network map to a user on a display having a graphical user interface depicting the network map in chart format;</u>

automatically updating the network map <u>on demand and in real time</u> based on <u>a user entered change to</u> at least one of (i) ~~a change to~~ the schedule and (ii) <u>the underlying criteria</u> ~~updated data~~<u>; and</u>

3

Application No.: 16/598,480                                    Docket No.: RCA-005

<u>displaying an updated network map to the user on the display having the graphical</u>

<u>user interface depicting the updated network map in chart format</u>.

15.    (Original)  The system of claim 14, wherein the plurality of events comprises sporting

events.

16.    (Original)  The system of claim 14, wherein the network map comprises a description of

which event will be displayed on which channel at a particular time.

17.    (Currently Amended)  The system of claim 14, wherein the ~~updated~~ data comprises data

selected from the group consisting of weather data, news data, and gambling data.

18.    (Original)  The system of claim 14, wherein the operations further comprise automatically

updating the network map comprises optimizing the network map based on a particular parameter.

19.    (Cancelled)

20.    (Original)  The system of claim 14, wherein the operations further comprise prior to the

receiving step, generating the schedule for the plurality of events.

21.    (New)  The method of claim 1, wherein the automatically updating step comprises

generating multiple network maps based on multiple user entered changes.

22.    (New)  The system of claim 14, wherein the automatically updating operation comprises

generating multiple network maps based on multiple user entered changes.

4

Application No.: 16/598,480                                           Docket No.: RCA-005

## REMARKS

Administrative Overview

In the Office action mailed on January 31, 2020 (the "Office action"), the Office:

- rejected claims 1-20 under 35 U.S.C. § 101 as being directed to an unpatentable abstract idea;

- rejected claims 1-8, 10, 12, and 14-20 under 35 U.S.C. § 102(a)(1) as being anticipated by U.S. Patent No. 6,536,041 to Knudson et al. ("Knudson");

- rejected claims 11 and 13 under 35 U.S.C. § 103 as being unpatentable over Knudson; and

- rejected claim 9 under 35 U.S.C. § 103 as being unpatentable over Knudson in view of non-patent literature from the506.com ("the506.com").

After entry of this Response, claims 1-9, 12-18, and 20-22 will be pending. Applicant hereby amends claims 1, 7, 14, and 17, cancels claims 10-11 and 19, and adds new claims 21-22, all without prejudice. Support for the amendments to the claims and new claims can be found throughout the originally filed specification and figures (the "Application"), including at least at paragraph [0022], [0029] and FIGS. 1B, 2B. As such, no new matter is added.

## Rejections under 35 U.S.C. § 101

Claims 1-20 are rejected under 35 U.S.C. § 101 as being directed to an unpatentable abstract idea. Claims 10-11 and 19 have been cancelled, rendering the rejection of those claims moot. Applicant respectfully traverses this rejection to the extent it is maintained over the remaining claims, as amended, for at least the reasons set forth below.

Applicant analyzes the claims using the two-step _Alice_ framework as interpreted by the Office in the 2019 Revised Patent Subject Matter Eligibility Guidance ("the January 2019 Guidance").[1]

I.     Step 1 of the _Alice_ Framework

The pending claims are drawn to a method for dynamically generating a network map and to a system. Thus, Applicant respectfully submits that each of the claims is drawn to a statutory category of subject matter.

---

[1] 2019 Revised Patent Subject Matter Eligibility Guidance, Federal Register vol. 84, no. 4 (January 7, 2019) (hereinafter "the January 2019 Guidance").

Application No.: 16/598,480                                                    Docket No.: RCA-005

II.       Revised Step 2A of the *Alice* Framework: Even Assuming That Amended Independent Claim 1 Recites a Judicial Exception, the Claim Integrates Its Subject Matter into a Practical Application and Therefore is Not Directed to a Judicial Exception

Under the January 2019 Guidance, Revised Step 2A of the Alice framework consists of two prongs.[2] At Prong 1, any claim limitations that recite judicial exceptions are identified, with the remaining limitations being treated as "additional elements."[3] At Prong 2, the claim as a whole is evaluated to determine whether it integrates the claimed subject matter into a practical application.[4] For at least the reasons discussed below, even assuming (without conceding) that independent claim 1 recites one or more judicial exceptions, Applicant respectfully submits that the portions of the claim that recite the structure and function of the "display having a graphical user interface" are additional elements that integrate the claimed subject matter into a practical application. Thus, amended independent claim 1 is not directed to a judicial exception.

II.A.      Prong 1 of Revised Step 2A of the *Alice* Framework

Even assuming (without conceding) that the previously recited steps fall within the "mental process" grouping of abstract ideas, Applicant respectfully submits that the newly added "displaying steps" do not recite abstract ideas. Thus, the "displaying steps" are additional elements of independent claim 1 for purposes of Prong 2 of Step 2A and for purposes of Step 2B.

II.B.      Prong 2 of Revised Step 2A of the *Alice* Framework

Even assuming (without conceding) that independent claim 1 recites one or more abstract ideas, Applicant respectfully submits that the newly added "displaying steps" integrate the claimed subject matter into a practical application.

The January 2019 Guidance expressly states "that revised Step 2A specifically excludes consideration of whether the additional elements represent well-understood, routine, conventional activity," and instructs Examiners "that they give weight to all additional elements, whether or not they are conventional, when evaluating whether a judicial exception has been integrated into a practical application" (emphasis added).

When the displaying steps are given weight at Prong 2 of Step 2A as required by the January 2019 Guidance, Applicant respectfully submits that these portions of the claim integrate the claimed subject matter into a practical application. In particular, Applicant respectfully submits that

---

[2] The January 2019 Guidance, pp. 50-55.
[3] The January 2019 Guidance, p. 54.
[4] The January 2019 Guidance, pp. 54-55.

6

Application No.: 16/598,480                                    Docket No.: RCA-005

the claimed displaying allow users to better and more easily understand the network map and, importantly, the implications of changes to the underlying schedule on the network map, thereby integrating the claimed subject matter into a practical application and rendering independent claim 1 eligible for patenting, for at least the reasons described below.

At Prong 2 of Revised Step 2A of the Alice framework, the presence in the claim of an additional element that "reflects an improvement in the functioning of a computer, or any improvement to other technology or technical field" indicates that the claim integrates the judicial exception(s) recited therein into a practical application.[5]  Applicant respectfully submits that the displaying steps recited in claim 1 reflect an improvement to computer-based network map generation systems and therefore integrate the claimed subject matter into a practical application at least for reasons similar to the reasons articulated by the Federal Circuit in Trading Techs. Int'l, Inc. v. CQG, Inc.[6]

In Trading Techs, the Federal Circuit held that claims directed to improvements in graphical user interfaces for electronic stock trading systems were not directed to an abstract idea because the "claims require a specific, structured graphical user interface paired with a prescribed functionality directly related to the graphical user interface's structure that is addressed to and resolves a specifically identified problem in the prior state of the art."[7]  In particular, the Federal Circuit observed that conventional stock trading systems performed poorly in certain scenarios, such as (1) "when a trader attempt[ed] to enter an order at a particular price, but miss[ed] the price because the marked moved before the order was entered and executed" or (2) when trades were "executed at different prices than intended, due to rapid market movement."[8]  The claims at issue in Trading Techs recite "a trading system [having] a graphical user interface," in which "bid and asked prices are displayed dynamically along the static display, and the system pairs orders with the static display of prices and prevents order entry at a changed price."[9]  These structural and functional improvements to the GUI allow traders (1) to accurately assess the financial characteristics (e.g., price P1) of shares of a stock before entering into a trade and (2) to avoid inadvertently entering into a trade for shares of the stock having different financial characteristics (e.g., a different price P2). Accordingly, the Federal Circuit concluded that claims reciting the specific structure and functionality of the improved GUI are not directed to an abstract idea because the claimed aspects

---

[5] The January 2019 Guidance, pp. 55.
[6] Trading Techs. Int'l, Inc. v. CQG, Inc, (Fed. Cir. 2017) (submitted herewith) (hereinafter "Trading Techs").
[7] Trading Techs, pp. 3 and 6.
[8] Trading Techs at p. 3.
[9] Trading Techs at p. 3.

Application No.: 16/598,480                                          Docket No.: RCA-005

of the GUI "allows traders to more efficiently and accurately place trades using this electronic trading system."[10]

Like the claims in Trading Techs, independent claim 1 of the instant application recites "a specific, structured graphical user interface paired with a prescribed functionality directly related to the graphical user interface's structure."  Just as the improved GUI recited in the claims in Trading Techs "is addressed to and resolves a specifically identified problem in the prior state of the art" of electronic trading systems, the displaying steps recited in amended independent claim 1 are addressed to and resolve a specifically identified problem in the prior state of the art of network map generation.  Specifically, the improved GUI recited in claim 1 allows users (1) to accurately and quickly analyze a network map and the implications to the network map on any changes to the underlying schedule.

For at least these reasons, the displaying steps and timing requirement of independent claim 1 integrate the claimed subject matter into a practical application and render independent claim 1 eligible for patenting.


III.    Step 2B of the *Alice* Framework

Even assuming (without conceding) that the displaying steps do not integrate claimed subject matter into a practical application, Applicant respectfully submits that these portions of claim 1 amount to significantly more than a judicial exception.  The claimed displaying steps are not well-understood, routine or conventional and reflect an improvement to a technology or technical field, which indicates that the claim recites significantly more than a judicial exception.

For at least these reasons, the displaying steps of independent claim 1 recites significantly more than a judicial exception and renders independent claim 1 eligible for patenting.


IV.    All the Claims are Patent-Eligible

Claims 2-9 and 12-13 depend from independent method claim 1 and are directed to patent-eligible subject matter for at least the same reasons.  For reasons that should be apparent from the discussion above, corresponding independent system claim 14, when taken as a whole, is also directed to patent eligible subject matter.  Claims 15-18 and 20 depend from independent system claim 14 and are directed to patent-eligible subject matter for at least the same reasons.

---

[10] Trading Techs at pp. 6-7 (emphasis added).

Application No.: 16/598,480                                    Docket No.: RCA-005

Accordingly, claims 1-9, 12-18, and 20 constitute patent eligible subject matter. Reconsideration and withdrawal of the rejections of these claims under § 101 is respectfully requested.

**Rejections under 35 U.S.C. § 102**

Claims 1-8, 10, 12, and 14-20 are rejected under 35 U.S.C. § 102(a)(1) as being anticipated by Knudson. Claims 10 and 19 have been cancelled, rendering the rejection of those claims moot. Applicant respectfully traverses this rejection to the extent it is maintained over the remaining claims, as amended, for at least the reasons set forth below.

A prior art reference is not anticipatory unless it discloses expressly or inherently all of the claim limitations, as well as "all of the limitations arranged or combined in the same way as recited in the claim." (*NetMoneyIN, Inc. v. Verisign, Inc.*, 545 F.3d 1359 (Fed. Cir. 2008)). A determination of anticipation requires that "[the] reference must clearly and unequivocally disclose the claimed [invention] or direct those skilled in the art to the [invention] without any need for picking, choosing, and combining various disclosures not directly related to each other by the teachings of the cited reference." (*In re Arkley*, 455 F.2d 586, 587 (C.C.P.A. 1972)). As discussed below, Applicant respectfully submits that Knudson does not meet this exacting test when applied against the claims, as amended.

Knudson appears to describe a television program guide system that is configured to "update program listings … using real-time data provided by real-time data sources." (Knudson, col. 13, ll. 4-7). However, Knudson includes no description of a system in which a network map is updated "based on a <u>user entered change</u> to at least one of (i) the schedule and (ii) the underlying criteria," as claimed by Applicant.

In view of the foregoing, Applicant submits that amended independent claim 1 is patentable over Knudson. Independent system claim 14 is amended to include similar limitations to independent method claim 1 and is patentable over Knudson for at least the same reasons provided above with respect to claim 1. Dependent claims 2-8, 10, 12, 14-18, and 20 all depend from one of independent claim 1 or independent claim 14 and are also patentable over Knudson, for at least the reasons provided above. Accordingly, Applicant respectfully requests that the rejection of claims 1-8, 10, 12, and 14-20 as anticipated by Knudson be reconsidered and withdrawn.

**Rejections Under 35 U.S.C. § 103**

Claims 11 and 13 are rejected under 35 U.S.C. § 103 as being unpatentable over Knudson. Claim 11 has been cancelled, rendering the rejection of claim 11 moot. Applicant respectfully

Application No.: 16/598,480

Docket No.: RCA-005

traverses this rejection, to the extent it is maintained over the remaining claims, as amended, for at least the reasons set forth below.

Applicant notes that claim 13 depends from amended independent claim 1 and is patentable at least because of the deficiencies of Knudson detailed above with respect to independent claim 1.

Applicant notes that the Examiner has taken official notice of the limitations of dependent claim 13. Applicant respectfully traverses the official notice and submits that the limitation recited in claim 13 is not a fact that is "well-known, or [is] common knowledge in the art," or that is "capable of instant and unquestionable demonstration as being well-known." (*See* MPEP § 2144.03(A), (C)).

Accordingly, Applicant respectfully requests that the rejection of claim 13 as unpatentable over Knudson be reconsidered and withdrawn.

Claim 9 is rejected under 35 U.S.C. § 103 as being unpatentable over Knudson in view of the506.com. Applicant respectfully traverses this rejection, to the extent it is maintained over the amended claims, for at least the reasons set forth below.

Applicant notes that claim 9 depends from amended independent claim 1 and is patentable at least because the506.com fails to cure the deficiencies of Knudson detailed above with respect to independent claim 1. the506.com is only relied upon in the Office action for teaching the use of projected rankings in updating a network map.

Accordingly, Applicant respectfully requests that the rejection of claim 9 as unpatentable over Knudson in view of the506.com be reconsidered and withdrawn.

**New Claims 21-22**

New claims 21-22 depend from one of independent claim 1 or independent claim 14 and include all the limitations thereof and are patentable over each of the applied references for at least the reasons provide above with respect to independent claim 1 or independent claim 14.

Accordingly, Applicant respectfully requests that new claims 21-22 be allowed as well.

10

Application No.: 16/598,480                                      Docket No.: RCA-005

## CONCLUSION

In light of the foregoing, Applicant submits that all pending claims are now in condition for allowance.  Accordingly, Applicant respectfully requests reconsideration, withdrawal of all grounds of rejection, and allowance of all claims in due course.

If the Examiner believes that a telephone conversation with Applicant's attorney would expedite the allowance of this application or would be helpful in resolving any other outstanding issue, the Examiner is encouraged to call the undersigned at the telephone number set forth below.


Dated:  March 13, 2020                          Respectfully submitted,


                                                Electronic signature:  /Martin Gomez/
                                                Martin Gomez
                                                    Registration No.: 68,762
                                                GOODWIN PROCTER LLP
                                                100 Northern Avenue
                                                Boston, Massachusetts 02210
                                                (617) 570-1836
                                                Attorney for Applicant


ACTIVE/96955160.1

11