UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/598,480 | 10/10/2019 | Andysheh Tabrizi | RCA-005 | 4678 |

51414          7590          06/23/2020
GOODWIN PROCTER LLP
PATENT ADMINISTRATOR
100 NORTHERN AVENUE
BOSTON, MA 02210

| EXAMINER |
|---|
| CORBO, NICHOLAS T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2424 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/23/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

JGoodwin@goodwinlaw.com
PSousa-Atwood@goodwinlaw.com
US-PatentBos@goodwinlaw.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | **Application No.** 16/598,480 | **Applicant(s)** Tabrizi et al. | |
|---|---|---|---|
| | **Examiner** NICHOLAS T CORBO | **Art Unit** 2424 | **AIA (FITF) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>03/13/2020</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☑ This action is **FINAL.**   2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-9,12-18 and 20-22</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) <u>1-9,12-18 and 20-22</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or  b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All      b)☐ Some**      c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

| 1) ☑ Notice of References Cited (PTO-892) | 3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____. |
|---|---|
| 2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____. | 4) ☐ Other: _____. |

Application/Control Number: 16/598,480                                                    Page 2
Art Unit: 2424

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

### DETAILED ACTION

### *Response to Arguments*

Applicant's arguments with respect to claims 1-9, 12-18, and 20-22 have been considered but

are moot based on the new grounds of rejection.

### *Claim Rejections - 35 USC § 112*

1.      The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out
and distinctly claiming the subject matter which the inventor or a joint inventor regards as the
invention.


The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.


2.      Claims 1-9, 12-18, and 20-22 rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second

paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter

which the inventor or a joint inventor, or for pre-AIA the applicant regards as the invention.

Claims 1 and 14, respectively, cite "a user entered change". Claims 1 and 14 already possess a

possible antecedent basis for the limitation of "a user". It is indefinite as to whether the entered change

is entered by the previously cited user, or a different user.

Claims 6 cites "…performed by a user." Claim 1 already possesses a possible antecedent basis for

the limitation of "a user". It is indefinite as to whether this limitation is referring to the previously cited

user, or a different user.

Application/Control Number: 16/598,480                                                                 Page 3
Art Unit: 2424

Claim 13 cites "...using a machine learning technique." Claim 1 already possesses a possible antecedent basis for the limitation of "a machine learning technique". It is indefinite as to whether this limitation is referring to the previously cited machine learning technique, or a different machine learning technique.

Clarification is required.

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

### *Claim Rejections - 35 USC § 103*

3.    The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

4.    Claims 1-8, 12-18, and 20-22 are rejected under 35 U.S.C. 103 as being unpatentable over Knudson et al (hereinafter Knudson) US 6536041 in view of Chung et al (hereinafter Chung) US 20190297381.

Referring to claim 1, Knudson discloses a computer-implemented method for dynamically generating a network map, the method comprising:

Application/Control Number: 16/598,480                                                          Page 4
Art Unit: 2424

receiving a schedule for a plurality of events (**see Col. 6, Lines 11-14 for disclosing receiving timing information/schedule for a plurality of events/programs**);

generating a network map based on the schedule and underlying criteria using data (**see Figs. 3, 13, an 16 and Col. 6, Lines 11-14, Col. 8, Lines 39-51, and Col. 13, Line 49 – Col. 14, Line 37 for disclosing the program listings information includes timing information/schedule that is used to generate a program guide/map of the networks/channel for the events/programs available at specific times, wherein Col. 16, Lines 18-54 discloses the network map is generated based on underlying criteria using data/preferences for the guide**);

displaying the network map to a user on a display having a graphical user interface depicting the network map in chart format (**see Figs. 3 and 13 for disclosing the GUI interface displayed to a user depicting network maps in chart format**);

automatically updating the network map on demand and in real-time based on a user entered change to the underlying criteria and displaying an updated network map to the user on the display having the graphical user interface depicting the updated network map in chart format (**see Col. 16, Lines 18-54 for disclosing the based on the user entering changes to the underlying criteria/preferences, the network map is updated on demand (by command of the user) and automatically (the system updates the information visibly displayed in the network map, not manually done by the user), wherein the process described displays the updated chart-format network map once the user has entered the changes or enabled the changes, interpreted as real-time**).

Knudson discloses the generation of a network map/channel guide comprised of user-preferred media content in chart form displayed upon a GUI according to user preferences, but Knudson is unclear as to generating a network map using a machine learning technique.

Application/Control Number: 16/598,480                                                                          Page 5
Art Unit: 2424

Chung discloses generating a channel guide using a machine learning technique (**see Paragraphs 0009-0010, 0214, and 0265-0271 for disclosing the system uses machine learning techniques to generate media content for GUI display that the system derives will be user-preferred based on the machine learning technique**).

Before the effective filing date of the claimed invention, it would have been obvious to a person having ordinary skill in the art to incorporate the machine learning techniques of Chung with the system of Knudson in order to provide content with high satisfaction level for each viewer through determining an emotional state of the viewer using a boredom sensing module updated based on a user's feedback (**see Chung, Paragraphs 0012**).

Referring to claim 2, Knudson discloses the plurality of events comprises sporting events (**see Col. 13, Lines 4-48 for disclosing the events are sporting events**).

Referring to claim 3, Knudson discloses the sporting events comprise NFL games (**see Col. 11, Lines 54-64 for disclosing NFL games are a source for which the real-time data is received**).

Referring to claim 4, Knudson discloses the network map comprises a description of which event will be displayed on which channel at a particular time (**see Figs. 3 and 13 for disclosing a network map showing a description of events being displayed on different channels at a particular time**).

Referring to claim 5, Knudson discloses the channel comprises a television channel (**see Abstract for disclosing the disclosed program guide system is for use in an interactive television program guide**).

Application/Control Number: 16/598,480                                                                      Page 6
Art Unit: 2424

Referring to claim 6, Knudson discloses the change to the schedule comprises a manual change performed by a user (**see Col. 5, Line 53 – Col. 6, Line 10 for disclosing the change to the schedule, which originates from the real-time data source, is information that is provided to the television distribution facilities. This information requires some form of manual change via a user (e.g., a user provides the change of time information when the game is delayed)**).

Referring to claim 7, Knudson discloses the updated data comprises data selected from the group consisting of weather data as seen in the rejection of claim 1.

Referring to claim 8, Knudson discloses the step of automatically updating the network map comprises optimizing the network map based on a particular parameter (**see the rejection of claim 1 for disclosing the automatic updating of the program guide is optimized/made better based on a particular parameter in the form of real-time accuracy of presentation information**).

Referring to claim 12, Knudson discloses prior to the receiving step, generating the schedule for the plurality of events (**see Col. 6, Lines 11-14 for disclosing the timing information/schedule for the plurality of events/programs of the program listings data has been generated prior to being received by the television distribution facility**).

Referring to claim 13, Knudson discloses generating the schedule as seen in the rejection of claim 12. Chung discloses the use of a machine learning technique to provide a channel listing of recommended content to a user as seen in the rejection of claim 1.

Application/Control Number: 16/598,480                                              Page 7
Art Unit: 2424

Claim 14 is rejected on the same grounds as claim 1, further noting Knudson discloses a

computer programmed to perform operations (**see Col. 6, Lines 54-57**).


Claim 15 is rejected on the same grounds as claim 2.


Claim 16 is rejected on the same grounds as claim 4.


Claim 17 is rejected on the same grounds as claim 7.


Claim 18 is rejected on the same grounds as claim 8.


Claim 20 is rejected on the same grounds as claim 12.


Referring to claim 21, Knudson discloses automatically updating comprises generating multiple

network maps/channel guides based on multiple user entered changes, as seen in the rejection of claim

1, further noting each time a change is made to the preferences of Fig. 16, a new (second, third, and

beyond for each time it is changed, i.e., multiple) network map/channel guide will be generated.


Claim 22 is rejected on the same grounds as claim 21.


5.      Claim 9 is rejected under 35 U.S.C. 103 as being unpatentable over Knudson et al (hereinafter

Knudson) US 6536041 in view of Chung et al (hereinafter Chung) US 20190297381, and further in view of

non-patent literature from the506.com captured via archive.org (hereinafter "the506").

Application/Control Number: 16/598,480                                                    Page 8
Art Unit: 2424

Referring to claim 9, Knudson in view of Chung discloses the limitations as seen in the rejection

of claim 8.

Knudson in view of Chung is unclear as to the particular parameter comprises a projected overall

rating or a projected rating in a certain market.

"the506" discloses the particular parameter comprises a projected overall rating or a projected

rating in a certain market (**see page 2, Blackouts section and Page 3, Flex Scheduling section for**

**multiple examples of projected ratings determining the optimal update to the network map/change**

**to the scheduled time and channel of the event**).

Before the effective filing date of the claimed invention, it would have been obvious to a person

having ordinary skill in the art to incorporate the ratings parameter of "the506" with the system of

Knudson in view of Chung in order to allow the choice as to which game is to be shown to be

determined by which game to be projected to do the best or garner the larger ratings (**see page 2,**

**Blackouts section**).


### *Conclusion*

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time policy as set forth

in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from

the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date

of this final action and the advisory action is not mailed until after the end of the THREE-MONTH

shortened statutory period, then the shortened statutory period will expire on the date the advisory

action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing

date of the advisory action.  In no event, however, will the statutory period for reply expire later than

SIX MONTHS from the mailing date of this final action.

Application/Control Number: 16/598,480                                                                          Page 9
Art Unit: 2424

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to NICHOLAS T CORBO whose telephone number is (571)270-5675. The examiner

can normally be reached on Monday - Friday 11am-7pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Pankaj Kumar can be reached on 571-272-30113011. The fax phone number for the organization where

this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system. Status information for published applications may be obtained

from either Private PAIR or Public PAIR. Status information for unpublished applications is available

through Private PAIR only. For more information about the PAIR system, see http://pair-

direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer

Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR

CANADA) or 571-272-1000.

/NICHOLAS T CORBO/                                                06/18/2020
Primary Examiner, Art Unit 2424