UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/598,480 | 10/10/2019 | Andysheh Tabrizi | RCA-005 | 4678 |

51414          7590          09/28/2020
GOODWIN PROCTER LLP
PATENT ADMINISTRATOR
100 NORTHERN AVENUE
BOSTON, MA 02210

| EXAMINER |
|---|
| CORBO, NICHOLAS T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2424 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/28/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

JGoodwin@goodwinlaw.com
PSousa-Atwood@goodwinlaw.com
US-PatentBos@goodwinlaw.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 16/598,480 | Tabrizi et al. |
| | **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| | NICHOLAS T CORBO | 2424 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>07/29/2020</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.
2a) ☐ This action is **FINAL.**         2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-9,12-18 and 20-26</u> is/are pending in the application.
   5a) Of the above claim(s) ____ is/are withdrawn from consideration.
6) ☐ Claim(s) ____ is/are allowed.
7) ☑ Claim(s) <u>1-9,12-18 and 20-26</u> is/are rejected.
8) ☐ Claim(s) ____ is/are objected to.
9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on ____ is/are: a) ☐ accepted or  b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
      a) ☐ All      b) ☐ Some**      c) ☐ None of the:
         1. ☐ Certified copies of the priority documents have been received.
         2. ☐ Certified copies of the priority documents have been received in Application No. ____.
         3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
      Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
      Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 11-13)                    Office Action Summary                    Part of Paper No./Mail Date 20200922

Application/Control Number: 16/598,480                                                    Page 2
Art Unit: 2424

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

### DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR

1.17(e), was filed in this application after final rejection.  Since this application is eligible for continued

examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the

finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114.  Applicant's

submission filed on 07/29/2020 has been entered.

### *Response to Arguments*

Applicant's arguments with respect to claims 1-9, 12-18 and 20-26 have been considered but are

moot based on the new grounds of rejection.

### *Claim Rejections - 35 USC § 112*

1.      The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and
> of the manner and process of making and using it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to
> make and use the same, and shall set forth the best mode contemplated by the inventor or joint
> inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and
> process of making and using it, in such full, clear, concise, and exact terms as to enable any person
> skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the
> same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Application/Control Number: 16/598,480                                                                      Page 3

Art Unit: 2424

2.        Claims 1-9, 12-18, and 20-26 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first

paragraph, as failing to comply with the written description requirement. The claim(s) contains subject

matter which was not described in the specification in such a way as to reasonably convey to one skilled

in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C.

112, the inventor(s), at the time the application was filed, had possession of the claimed invention.

        Claims 1 and 14 cite, "displaying the network map to a user on a display of a client device of a

content distributor having a graphical user interface depicting the network map in chart format," "the

change is entered by the client device of the content distributor," and "displaying an updated network

map to the user on the display of the client device of the content distributor having the graphical user

interface…".

        Applicant's originally filed specification discloses a graphical user interface in Figs. 1A, 2A, and

3A  and Paragraphs 0010, 0012, 0014, and 0044. However, the specification states that the graphical

user interfaces present NFL Sunday game schedules. The specification discloses the network maps in Fig.

1B, 2B, 3B, and 3C and Paragraphs 0011, 0013, 0015-0016, and 0019-0026. There is no disclosure to

support the displaying of the network map in a graphical user interface, only the schedule (NFL Sunday

game schedule) is disclosed to be displayed via the graphical user interface. Furthermore, due to the fact

that only the schedule is displayed via the graphical user interface (seen above) and while there is

support for the user causing a generation of network maps (Paragraph 0020), there is no support found

for displaying either of the network map or the updated network map to a user.

        Applicant's originally filed specification discloses a general teaching of a client computer having

a graphical user interface (Paragraph 0044) and a client device displaying data to and receiving user

input from a user, as well as generating data (Paragraph 0045). While there is a general teaching of

displaying data, there is no disclosure to support displaying the network map on a display of a client

Application/Control Number: 16/598,480                                                                Page 4
Art Unit: 2424

device. Furthermore, there is no disclosure to support the client device is "of", or belonging to/used by, "a content distributor".

Applicant's originally specification discloses content (e.g., any program or event) and the fact that this content is distributed across television, radio, internet, and in person events (Paragraph 0004). The specification also discloses schedules that display affiliates (e.g., CBS, FOX, etc.) that are associated with NFL games at particular times (e.g., 1pm, 4pm, etc.) (Figs. 1A, 2A, 3A and Paragraph 0018). Despite the disclosure of distributed content and an association drawn between specific NFL games and the affiliates seen above, there is no support for explicit content distribution by "a content distributor", structural support showing any device distributing content, and the specification lacks any definition, or even presence, of the term "content distributor". It should be noted that the entities of CBS and FOX are identified as both "affiliates" (Paragraph 0018) and "affiliates of a particular broadcaster" (Paragraph 0019), but there is no disclosure of these entities distributing content or equating them to the content distributor. It should also be noted that, as an example, KAUZ and KBAK are identified as "stations" (Figs. 1B, 2B, 3B, 3C and Paragraph 0022), but there is no disclosure of these stations distributing content or equating them to the content distributor.

Claim 13 cites, "using machine learning using a technique selected from the group consisting of the machine learning technique used to generate the network map and a different machine learning technique." Applicant's originally filed specification discloses using a machine learning technique to update the network map and generate the schedule (Paragraph 0006) and a computer algorithm is developed using a machine learning technique, wherein multiple examples of machine learning techniques are listed, further wherein the machine learning technique can be trained using any suitable training data (Paragraph 0019). There is no support selecting a machine learning technique from a group consisting of which technique was used to generate the network map. There is no support for requiring selecting a second, different machine learning technique in addition to the first.

Application/Control Number: 16/598,480                                                                    Page 5
Art Unit: 2424

Claims 25-26 cite, "the particular parameter comprises a pricing parameter," referring to the

"optimizing the network map based on a particular parameter" limitation of antecedent claims 8 and 18.

While optimizing the network map based on parameters including varying forms of projected ratings

(Paragraph 0006, 0018, 0021), there is no support for, nor any mention of, a pricing parameter used to

optimize the network map.

In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102

and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory

basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and

the rationale supporting the rejection, would be the same under either status.

### Claim Rejections - 35 USC § 103

3.        The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
> not identically disclosed as set forth in section 102, if the differences between the claimed invention
> and the prior art are such that the claimed invention as a whole would have been obvious before the
> effective filing date of the claimed invention to a person having ordinary skill in the art to which the
> claimed invention pertains. Patentability shall not be negated by the manner in which the invention
> was made.

4.        Claims 1-8, 12, 14-18, and 20-26 are rejected under 35 U.S.C. 103 as being unpatentable over

Knudson et al (hereinafter Knudson) US 6536041 in view of Chung et al (hereinafter Chung) US

20190297381, and further in view of Sequeira US 20010000194.

Referring to claim 1, Knudson discloses a computer-implemented method for dynamically

generating a network map, the method comprising:

Application/Control Number: 16/598,480                                                                    Page 6
Art Unit: 2424

receiving a schedule for a plurality of events (**see Col. 6, Lines 11-14 for disclosing receiving timing information/schedule for a plurality of events/programs**);

generating a network map comprising a listing of content that will be displayed on particular channels at particular times based on the schedule and underlying criteria using data (**see Figs. 3, 6, 13, an 16 and Col. 6, Lines 11-14, Col. 8, Lines 39-51, and Col. 13, Line 49 – Col. 14, Line 37 for disclosing the program listings information showing a listing of content that is displayed on several channels for multiple different times and durations, including timing information/schedule that is used to generate a program guide/map of the networks/channel for the events/programs available at specific times, wherein Col. 16, Lines 18-54 discloses the network map is generated based on underlying criteria using data/preferences for the guide**);

displaying the network map to a user on a display having a graphical user interface depicting the network map in chart format (**see Figs. 3 and 13 for disclosing the GUI interface displayed to a user depicting network maps in chart format**);

automatically updating the network map on demand and in real-time based on a user entered change to the underlying criteria and displaying an updated network map to the user on the display having the graphical user interface depicting the updated network map in chart format (**see Col. 16, Lines 18-54 for disclosing the based on the user entering changes to the underlying criteria/preferences, the network map is updated on demand (by command of the user) and automatically (the system updates the information visibly displayed in the network map, not manually done by the user), wherein the process described displays the updated chart-format network map once the user has entered the changes or enabled the changes, interpreted as real-time**).

Knudson discloses the generation of a network map/channel guide comprised of user-preferred media content in chart form displayed upon a GUI according to user preferences, but Knudson is unclear

Application/Control Number: 16/598,480                                                                Page 7

Art Unit: 2424

as to generating a network map using a machine learning technique, displaying the network map at a

client device of a content distributor, wherein a change is entered by the client device of the content

distributor and the content that will be displayed on at least one channel at one time is updated based

on the change, and displaying the updated network map on the client device of the content distributor.

Chung discloses generating a channel guide using a machine learning technique (**see Paragraphs**

**0009-0010, 0214, and 0265-0271 for disclosing the system uses machine learning techniques to**

**generate media content for GUI display that the system derives will be user-preferred based on the**

**machine learning technique**).

Before the effective filing date of the claimed invention, it would have been obvious to a person

having ordinary skill in the art to incorporate the machine learning techniques of Chung with the system

of Knudson in order to provide content with high satisfaction level for each viewer through determining

an emotional state of the viewer using a boredom sensing module updated based on a user's feedback

(**see Chung, Paragraphs 0012**).

Knudson in view of Chung is unclear as to displaying the network map at a client device of a

content distributor, wherein a change is entered by the client device of the content distributor and the

content that will be displayed on at least one channel at one time is updated based on the change, and

displaying the updated network map on the client device of the content distributor.

Sequeira discloses displaying the network map at a client device of a content distributor,

wherein a change is entered by the client device of the content distributor and the content that will be

displayed on at least one channel at one time is updated based on the change, and displaying the

updated network map on the client device of the content distributor (**see Figs. 1, 25, 29-31 and**

**Paragraphs 31-32, 35, 38, 40-41, 92-93, 95, 123-132 for disclosing a GUI displaying the [network**

**map/scheduler data model] is provided to the [a service specific GUI 110/client device] of [a content**

**distributor/master scheduler and media server 120 and 130], wherein the programmer of the content**

Application/Control Number: 16/598,480                                                          Page 8
Art Unit: 2424

**distributor is able to change the channel and/or time for which a program will be displayed, and the**

**updated [network map/scheduler data model] is displayed**).

Before the effective filing date of the claimed invention, it would have been obvious to a person

having ordinary skill in the art to incorporate the scheduler of Sequeira with the system of Knudson in

view of Chung in order to enable the desirable ability to schedule and associate a number of events with

a broadcast program, such as information from an Internet site and supplemental information about the

broadcast program itself (**see Sequeira, Paragraphs 0010**).

Referring to claim 2, Knudson discloses the plurality of events comprises sporting events (**see**

**Col. 13, Lines 4-48 for disclosing the events are sporting events**).

Referring to claim 3, Knudson discloses the sporting events comprise NFL games (**see Col. 11,**

**Lines 54-64 for disclosing NFL games are a source for which the real-time data is received**).

Referring to claim 4, Knudson discloses the network map comprises a description of which event

will be displayed on which channel at a particular time (**see Figs. 3 and 13 for disclosing a network map**

**showing a description of events being displayed on different channels at a particular time**).

Referring to claim 5, Knudson discloses the channel comprises a television channel (**see Abstract**

**for disclosing the disclosed program guide system is for use in an interactive television program**

**guide**).

Referring to claim 6, Knudson discloses the change to the schedule comprises a manual change

performed by the user (**see Col. 5, Line 53 – Col. 6, Line 10 for disclosing the change to the schedule,**

Application/Control Number: 16/598,480                                                    Page 9
Art Unit: 2424

**which originates from the real-time data source, is information that is provided to the television**

**distribution facilities. This information requires some form of manual change via a user (e.g., a user**

**provides the change of time information when the game is delayed))**. Sequeira also discloses this as

seen in the rejection of claim 1.

Referring to claim 7, Knudson discloses the updated data comprises data selected from the

group consisting of weather data as seen in the rejection of claim 1.

Referring to claim 8, Knudson discloses the step of automatically updating the network map

comprises optimizing the network map based on a particular parameter (**see the rejection of claim 1 for**

**disclosing the automatic updating of the program guide is optimized/made better based on a**

**particular parameter in the form of real-time accuracy of presentation information**).

Referring to claim 12, Knudson discloses prior to the receiving step, generating the schedule for

the plurality of events (**see Col. 6, Lines 11-14 for disclosing the timing information/schedule for the**

**plurality of events/programs of the program listings data has been generated prior to being received**

**by the television distribution facility**).

Claim 14 is rejected on the same grounds as claim 1, further noting Knudson discloses a

computer programmed to perform operations (**see Col. 6, Lines 54-57**).

Claim 15 is rejected on the same grounds as claim 2.

Claim 16 is rejected on the same grounds as claim 4.

Application/Control Number: 16/598,480                                                                 Page 10

Art Unit: 2424

Claim 17 is rejected on the same grounds as claim 7.

Claim 18 is rejected on the same grounds as claim 8.

Claim 20 is rejected on the same grounds as claim 12.

Referring to claim 21, Knudson discloses automatically updating comprises generating multiple

network maps/channel guides based on multiple user entered changes, as seen in the rejection of claim

1, further noting each time a change is made to the preferences of Fig. 16, a new (second, third, and

beyond for each time it is changed, i.e., multiple) network map/channel guide will be generated.

Claim 22 is rejected on the same grounds as claim 21.

Referring to claims 23 and 24, Sequeira discloses the content distributor comprises a television

network (**see Paragraphs 86, 92, and 98 for disclosing the [ content distributor/master scheduler and

media server] comprises a television network in the form of content provided via television network

service (e.g., TV: Friends)**).

Referring to claims 25 and 26, Knudson in view of Chung, and further in view of Sequeira

disclose the limitations as seen in the rejections of claims 8 and 18.

Knudson in view of Chung, and further in view of Sequeira is unclear as to optimizing the

network map based on pricing.

Application/Control Number: 16/598,480                                                              Page 11
Art Unit: 2424

Official Notice is taken that optimizing the presentation of content based on pricing is well

known in the art. Therefore, it would have been obvious to a person having ordinary skill in the art

before the effective filing date of the claimed invention to modify Knudson in view of Chung, and further

in view of Sequeira to optimize the network map based on pricing to attempt to maximize profits.

5.        Claim 9 is rejected under 35 U.S.C. 103 as being unpatentable over Knudson et al (hereinafter

Knudson) US 6536041 in view of Chung et al (hereinafter Chung) US 20190297381, and further in view of

Sequeira US 20010000194, and further in view of non-patent literature from the506.com captured via

archive.org (hereinafter "the506").

Referring to claim 9, Knudson in view of Chung discloses the limitations as seen in the rejection

of claim 8.

Knudson in view of Chung is unclear as to the particular parameter comprises a projected overall

rating or a projected rating in a certain market.

"the506" discloses the particular parameter comprises a projected overall rating or a projected

rating in a certain market (**see page 2, Blackouts section and Page 3, Flex Scheduling section for**

**multiple examples of projected ratings determining the optimal update to the network map/change**

**to the scheduled time and channel of the event**).

Before the effective filing date of the claimed invention, it would have been obvious to a person

having ordinary skill in the art to incorporate the ratings parameter of "the506" with the system of

Knudson in view of Chung in order to allow the choice as to which game is to be shown to be

determined by which game to be projected to do the best or garner the larger ratings (**see page 2,**

**Blackouts section**).

Application/Control Number: 16/598,480                                              Page 12
Art Unit: 2424

6.      Claim 13 is rejected under 35 U.S.C. 103 as being unpatentable over Knudson et al (hereinafter

Knudson) US 6536041 in view of Chung et al (hereinafter Chung) US 20190297381, and further in view of

Sequeira US 20010000194, and further in view of Bell et al (hereinafter Bell) US 20050088407.


        Referring to claim 13, Knudson and Sequeira disclose generating the schedule as seen in the

rejection of claim 12. Chung discloses the use of a machine learning technique to provide a channel

listing of recommended content to a user as seen in the rejection of claim 1.

        Knudson in view of Chung, and further in view of Sequeira is unclear as to using two different

machine learning techniques.

        Bell discloses using two different machine learning techniques (**see Paragraph 0063**).

        Before the effective filing date of the claimed invention, it would have been obvious to a person

having ordinary skill in the art to incorporate the multitude of machine learning techniques of Bell with

the system of Knudson in view of Chung, and further in view of Sequeira in order to allow for automatic

rescheduling of video content so that each video content spot's popularity is optimized (**see Bell,

Paragraph 0063**).


                                              *Conclusion*

        Any inquiry concerning this communication or earlier communications from the examiner

should be directed to NICHOLAS T CORBO whose telephone number is (571)270-5675.  The examiner

can normally be reached on Monday - Friday 11am-7pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Pankaj Kumar can be reached on 571-272-3011.  The fax phone number for the organization where this

application or proceeding is assigned is 571-273-8300.

Application/Control Number: 16/598,480                                                  Page 13
Art Unit: 2424

Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system.  Status information for published applications may be obtained

from either Private PAIR or Public PAIR.  Status information for unpublished applications is available

through Private PAIR only.  For more information about the PAIR system, see http://pair-

direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer

Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR

CANADA) or 571-272-1000.


/NICHOLAS T CORBO/                                          09/23/2020
Primary Examiner, Art Unit 2424