Docket No.: RCA-005
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:
Andysheh Tabrizi et al.

| | |
|---|---|
| Application No.: 16/598,480 | Confirmation No.: 4678 |
| Filed: October 10, 2019 | Art Unit: 2424 |
| For:  SYSTEMS AND METHODS FOR AUTOMATICALLY AND DYNAMICALLY GENERATING A NETWORK MAP | Examiner: Corbo, Nicholas T. |

Mail Stop Amendments
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## AMENDMENT AND RESPONSE

This paper responds to the non-final Office action electronically sent from the Patent Office on September 28, 2020, for the above-identified patent application.

Applicant believes that no fees are due in connection with the filing of this paper; however, in the event that any such fees are due, the Commissioner is hereby authorized to charge such fees to Deposit Account No. 07-1700 (under Ref. No. RCA-005).

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

Application No.: 16/598,480 Docket No.: RCA-005

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1. (Currently Amended)  A computer-implemented method for dynamically generating a network map, the method comprising:

receiving a schedule for a first plurality of live events scheduled to start at a first time and a second plurality of live events scheduled to start at a second time;

generating, based on the schedule, a network map mapping the first plurality of live events and the second plurality of live events to a plurality of television stations for a plurality of cities,

wherein each station from the plurality of stations corresponds to a respective city from the plurality of cities,

wherein the network map identifies for each station (i) a first live event from the first plurality of live events that will be displayed at the first time and (ii) a second live event from the second plurality of live events that will be displayed at the second time, and

wherein generating the network map comprises ~~comprising a listing of content that will be displayed on particular channels at particular times based on the schedule and underlying criteria~~ using a machine learning technique ~~and data~~ to optimize an overall television rating across the first plurality of live events and the second plurality of live events;

~~displaying the network map to a user on a display of a client device of a content distributor having a graphical user interface depicting the network map in chart format;~~

automatically updating the network map on demand and in real time based on a change to at least one of (i) the schedule and (ii) [[the]] underlying criteria,

wherein ~~the change is entered by the client device of the content distributor and wherein~~ updating the network map comprises updating the mapping of the first plurality of live events and the second plurality of live events to the plurality of television stations ~~content that will be displayed on at least one channel at at least one time~~; and

using the network map to determine which live event will be displayed on which station at the first time and the second time ~~displaying an updated network map to the user on the display of the client device of the content distributor having the graphical user interface depicting the updated network map in chart format~~.

Application No.: 16/598,480                                      Docket No.: RCA-005

2.      (Currently Amended)  The method of claim 1, wherein the <u>first</u> plurality of <u>live</u> events <u>and</u> <u>the second plurality of live events comprise</u> ~~comprises~~ sporting events.

3.      (Original)  The method of claim 2, wherein the sporting events comprise NFL games.

4.      (Currently Amended)  The method of claim 1, wherein the network map comprises a description of which event will be displayed on which ~~channel~~ <u>station</u> at a particular time.

5.      (Cancelled)

6.      (Currently Amended)  The method of claim 1, wherein the change to the schedule comprises a manual change performed by [[the]] <u>a</u> user.

7.      (Currently Amended)  The method of claim 1, wherein <u>generating the network map</u> <u>comprises generating the network map based on at least one of</u> ~~the data comprises data selected~~ ~~from the group consisting of~~ weather data, news data, [[and]] <u>or</u> gambling data.

8.      (Original)  The method of claim 1, wherein the step of automatically updating the network map comprises optimizing the network map based on a particular parameter.

9.      (Currently Amended)  The method of claim 8, wherein the particular parameter comprises ~~a~~ ~~projected~~ <u>the</u> overall rating or a projected rating in a certain market <u>for the plurality of television</u> <u>stations</u>.

10–11.  (Cancelled)

12.     (Currently Amended)  The method of claim 1, further comprising, prior to the receiving step, generating the schedule for the <u>first</u> plurality of <u>live</u> events <u>and the second plurality of live events</u>.

13.     (Cancelled)

Application No.: 16/598,480                                             Docket No.: RCA-005

14.    (Currently Amended)  A system for dynamically generating a network map, the system comprising:

one or more computers programmed to perform operations comprising:

receiving a schedule for a <u>first</u> plurality of <u>live</u> events <u>scheduled to start at a first time and a second plurality of live events scheduled to start at a second time</u>;

generating<u>, based on the schedule,</u> a network map <u>mapping the first plurality of live events and the second plurality of live events to a plurality of television stations for a plurality of cities,</u>

<u>wherein each station from the plurality of stations corresponds to a respective city from the plurality of cities,</u>

<u>wherein the network map identifies for each station (i) a first live event from the first plurality of live events that will be displayed at the first time and (ii) a second live event from the second plurality of live events that will be displayed at the second time, and</u>

<u>wherein generating the network map comprises</u> ~~comprising a listing of content that will be displayed on particular channels at particular times based on the schedule and underlying criteria~~ using a machine learning technique ~~and data~~ <u>to optimize an overall television rating across the first plurality of live events and the second plurality of live events</u>;

~~displaying the network map to a user on a display of a client device of a content distributor having a graphical user interface depicting the network map in chart format;~~

automatically updating the network map on demand and in real time based on a change to at least one of (i) the schedule and (ii) [[the]] underlying criteria,

wherein ~~the change is entered by the client device of the content distributor and wherein~~ updating the network map comprises updating the <u>mapping of the first plurality of live events and the second plurality of live events to the plurality of television stations</u> ~~content that will be displayed on at least one channel at at least one time~~; and

<u>using the network map to determine which live event will be displayed on which station at the first time and the second time</u> ~~displaying an updated network map to the user on the display of the client device of the content distributor having the graphical user interface depicting the updated network map in chart format~~.

15.    (Currently Amended)  The system of claim 14, wherein the <u>first</u> plurality of <u>live</u> events <u>and the second plurality of live events</u> comprise ~~comprises~~ sporting events.

4

Application No.: 16/598,480                                    Docket No.: RCA-005

16.      (Currently Amended)  The system of claim 14, wherein the network map comprises a description of which event will be displayed on which station ~~channel~~ at a particular time.

17.      (Currently Amended)  The system of claim 14, wherein <u>generating the network map comprises generating the network map based on at least one of</u> ~~the data comprises data selected from the group consisting of~~ weather data, news data, [[and]] <u>or</u> gambling data.

18.      (Currently Amended)  The system of claim 14, wherein ~~the operations further comprise~~ automatically updating the network map comprises optimizing the network map based on <u>the overall television rating or a projected rating in a certain market for the plurality of television stations</u> ~~a particular parameter~~.

19.      (Cancelled)

20.      (Currently Amended)  The system of claim 14, wherein the operations further comprise<u>,</u> prior to the receiving step, generating the schedule for the <u>first</u> plurality of <u>live</u> events <u>and the second plurality of live events</u>.

21.      (Previously Presented)  The method of claim 1, wherein the automatically updating step comprises generating multiple network maps based on multiple user entered changes.

22.      (Previously Presented)  The system of claim 14, wherein the automatically updating operation comprises generating multiple network maps based on multiple user entered changes.

23–26. (Cancelled)

27.      (New)  The method of claim 1, wherein the first time and the second time occur on a same day.

28.      (New)  The system of claim 14, wherein the first time and the second time occur on a same day.

Application No.: 16/598,480                                   Docket No.: RCA-005

## REMARKS

Administrative Overview

In the Office action mailed on September 28, 2020 (the "Office action"), the Office:

- rejected claims 1–9, 12–18, and 20–26 under 35 U.S.C. § 112(a) or 35 U.S.C. § 112 (pre-AIA), first paragraph, as allegedly failing to comply with the written description requirement;

- rejected claims 1–8, 12, 14–18, and 20–26 under 35 U.S.C. § 103 as allegedly being unpatentable over U.S. Patent No. 6,536,041 to Knudson et al. ("Knudson") in view of U.S. Patent Publication No. 2019/0297381 to Chung et al. ("Chung") and further in view of U.S. Patent Publication No. 2001/0000194 to Sequeira ("Sequeira"); and

- rejected claim 9 under 35 U.S.C. § 103 as allegedly being unpatentable over Knudson in view of Chung and further in view of Sequeira and further in view of non-patent literature from the506.com ("the506.com").

After entry of this Amendment and Response, claims 1–4, 6–9, 12, 14–18, 20–22, 27, and 28 will be pending. Applicant hereby amends claims 1, 2, 4, 6, 7, 9, 12, 14–18, and 20, cancels claims 5, 13, and 23–26, and adds new claims 27 and 28, all without prejudice. Support for the amendments to the claims and the new claims can be found throughout the originally filed specification and figures (the "Application"), including at least at paragraphs [0002], [0018], and [0020], and in FIGS. 1A and 1B. For example, the description of the network map in amended independent claims 1 and 14 is consistent with the network map shown in FIG. 1B and described in paragraph [0020]. Also, the added claim feature "using the network map to determine . . ." in amended independent claims 1 and 14 is described at least in paragraph [0002]. No new matter is added.

Interview Summary

Applicant wishes to thank Examiner Corbo for his courtesy and helpful comments in discussions with Applicant's representatives, Martin Gomez and Jeffrey R. Rummler, and inventor Andy Tabrizi during the telephonic interview held on October 20, 2020. During the interview, the Office action and technical details of Applicant's invention and the cited references were discussed, consistent with the arguments presented herein. Applicant submits that this paper serves as the Applicant's Statement of the Interview in accordance with 37 C.F.R. § 1.133(b).

Application No.: 16/598,480                                    Docket No.: RCA-005

Rejections under 35 U.S.C. § 112

Claims 1–9, 12–18, and 20–26 are rejected under 35 U.S.C. § 112(a) or 35 U.S.C. § 112 (pre-AIA), first paragraph, as allegedly failing to comply with the written description requirement. Applicant respectfully traverses these rejections, to the extent they are maintained over the amended claims, for at least the reasons set forth below. Claims 5 and 23–26 have been cancelled, thereby rendering the rejection of those claims moot.

Applicant hereby amends the claims to address the objections raised in the Office action at pages 3–5. Applicant respectfully requests that this rejection be reconsidered and withdrawn.

Rejections under 35 U.S.C. § 103

Claims 1–8, 12, 14–18, and 20–26 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Knudson in view of Chung and further in view of Sequeira. Applicant respectfully traverses this rejection to the extent it is maintained over the remaining claims, as amended, for at least the reasons set forth below. Claims 5 and 23–26 have been cancelled, thereby rendering the rejection of those claims moot.

As brief background, Applicant has invented a product that better enables content distributors (e.g., television networks such as CBS and FOX) and others to determine which content will be displayed on a particular channel at a particular time in a particular market (e.g., by generating and using a "network map"). Applicant's product allows the content distributors or other users to make changes to an underlying schedule or data and have a network map automatically update, for example, in an effort to optimize ratings and determine how the content will be displayed across the various channels and times.

In view of the foregoing, independent claims 1 and 14 have been amended to recite, in part: "receiving a schedule for a first plurality of live events scheduled to start at a first time and a second plurality of live events scheduled to start at a second time; generating, based on the schedule, a network map mapping the first plurality of live events and the second plurality of live events to a plurality of television stations for a plurality of cities, wherein each station from the plurality of stations corresponds to a respective city from the plurality of cities, wherein the network map identifies for each station (i) a first live event from the first plurality of live events that will be displayed at the first time and (ii) a second live event from the second plurality of live events that will be displayed at the second time, and wherein generating the network map comprises using a machine learning technique to optimize an overall television rating across the first plurality of live

events and the second plurality of live events; automatically updating the network map on demand and in real time based on a change to at least one of (i) the schedule and (ii) underlying criteria, wherein updating the network map comprises updating the mapping of the first plurality of live events and the second plurality of live events to the plurality of television stations; and using the network map to determine which live event will be displayed on which station at the first time and the second time."

Applicant respectfully submits that Knudson, Chung, and Sequeira, either alone or in combination, fail to disclose, teach, or suggest the combination of elements recited in amended independent claims 1 and 14. For example, while Knudson's conventional program guide may provide a listing of shows available to a viewer (see e.g., Knudson at FIGS. 5–7), Knudson's guide does not include <u>a mapping of a first plurality of events and a second plurality of events to a plurality of television stations for a plurality of cities</u>, wherein <u>each station corresponds to a respective city from the plurality of cities</u>, as recited in amended independent claims 1 and 14. Knudson's guide identifies shows that are available to the viewer <u>on stations in the user's particular location</u>. Knudson's guide does not identify shows that are available on <u>stations corresponding to other locations (e.g., other cities)</u>, and the viewer would have little or no use for such information. Knudson therefore fails to teach or suggest the claimed network map in which events starting at different times are mapped to stations for different cities, wherein each station corresponds to a different city, as recited in the amended independent claims. Given Knudson failure to describe the claimed network map, Knudson also fails to teach or suggest automatically updating the network map on demand and in real time, as recited in the amended independent claims. Further, Knudson fails to disclose, teach, or suggest generating a network map <u>using machine learning to optimize television ratings across a plurality of events</u>. Knudson's guide may present information related to "ratings" or "critics ratings" (see Knudson at col. 8, ll. 45–48); however, Knudson fails to describe generating the guide or any listing or mapping based on <u>ratings across a plurality of events</u>, as recited in amended independent claims 1 and 14. Chung and Sequeira fail to cure these deficiencies of Knudson.

Knudson, Chung, and Sequeira also fail to disclose, teach, or suggest using the network map to determine which live event will be displayed on which station at the first time and the second time, as recited in the amended independent claims. As the instant specification explains at paragraph [0002], in one example, the NFL may need "to generate a network map for the numerous NFL football games played on Sundays, . . . to determine which content (games) will be displayed

Application No.: 16/598,480           Docket No.: RCA-005

on which channel (television channels) at which times (usually 1pm and 4pm ET)." Knudson, Chung, and Sequeira, however, are silent regarding any attempt to generate a mapping of events occurring at different times to stations in a plurality of cities, and then using the mapping to determine how to display the events on the stations at the different times, as recited in the amended independent claims.

In view of the foregoing, Applicant submits that amended independent claims 1 and 14 are patentable over Knudson, Chung, and Sequeira. Dependent claims 1–4, 6–8, 12, 14–18, and 20–22 depend from either independent claim 1 or independent claim 14 and are therefore also patentable, for at least the reasons provided above. Accordingly, Applicant respectfully requests that the rejection over Knudson, Chung, and Sequeira be reconsidered and withdrawn.

Claim 9

Claim 9 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Knudson in view of Chung and further in view of Sequeira and further in view of the506.com. Applicant respectfully traverses this rejection, to the extent it is maintained over the amended claims, for at least the reasons set forth below.

Applicant notes that claim 9 depends from amended independent claim 1 and is patentable at least because the506.com fails to cure the deficiencies of Knudson, Chung, and Sequeira detailed above with respect to independent claim 1. the506.com is relied upon in the Office action only for teaching the use of ratings. Applicant notes, however, that the506.com appears to simply describe a website that publishes a listing of which NFL games will be shown on which channel (similar to the information that is presented by a conventional EPG). the506.com has no ability to make a change to the underlying schedule of which games will be shown on which channel at a given time. Further, while the506.com indicates that, during a blackout of a home game, a replacement game for the home city can be selected that would "garner large ratings" (see the506.com at page 2), the506.com fails to teach or suggest any approach in which machine learning is used to optimize an overall television rating across a plurality of live events shown on multiple stations in multiple cities, as recited in amended independent claim 1.

Accordingly, Applicant respectfully requests reconsideration and withdrawal of the rejection of claim 9 over Knudson, Chung, Sequeira, and the506.com.

Application No.: 16/598,480                                                                 Docket No.: RCA-005

## CONCLUSION

By responding in the foregoing remarks only to particular positions taken by the Examiner, Applicant does not acquiesce with other positions that have not been explicitly addressed. In addition, Applicant's arguments for the patentability of a claim should not be understood as implying that no other reasons for the patentability of that claim exist. Finally, Applicant's decision to amend or cancel any claim should not be understood as implying that Applicant agrees with any positions taken by the Examiner with respect to that claim or other claims.

In light of the foregoing, Applicant submits that all pending claims are now in condition for allowance. Accordingly, Applicant respectfully requests reconsideration, withdrawal of all grounds of rejection, and allowance of all claims in due course.

If the Examiner believes that a further telephone conversation with Applicant's attorney would expedite the allowance of this application or would be helpful in resolving any other outstanding issue, the Examiner is encouraged to call the undersigned at the telephone number set forth below.

Dated: October 27, 2020                         Respectfully submitted,

                                                Electronic signature: /Jeffrey R. Rummler/
                                                Jeffrey R. Rummler
                                                    Registration No.: 61,290
                                                GOODWIN PROCTER LLP
                                                100 Northern Avenue
                                                Boston, MA 02210
                                                (617) 570-1000
                                                Attorney for Applicant

ACTIVE/96955160.1

10