

faegredrinker.com

**Thatcher A. Rahmeier**
Partner
thatcher.rahmeier@faegredrinker.com
+1 302 467 4211 direct

Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
+1 302 467 4200 main
+1 302 467 4201 fax

August 7, 2023

**VIA ELECTRONIC FILING**
The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
844 King Street, Room 6124
Wilmington, Delaware 19801

RE:   *Recentive Analytics, Inc. v Fox Corp., et al.,* C.A. No. 22-1545-GBW (D. Del.)

Dear Judge Williams:

We write on behalf of Defendants Fox Corporation, Fox Broadcasting Company, LLC, and Fox Sports Productions, LLC, concerning Plaintiff Recentive Analytics, Inc.'s request that the Court hold a Rule 16(b) scheduling conference "at the Court's earliest convenience."  (D.I. 30).

Defendants' pending motion to dismiss the first amended complaint seeks dismissal of the entire action on the ground that all claims of the four patents-in-suit are invalid under 35 U.S.C. § 101. (D.I. 19).  The motion is fully briefed (D.I. 19, 20, 23), the parties have requested oral argument (D.I. 24, 25), and the parties have submitted letters identifying the authorities they believe are most analogous to the case at hand.  (D.I. 28, 29).

Recentive urges a scheduling conference be set and "preliminary discussions or the subsequent opening of discovery" commence, despite the fact that the case could soon be over if the pending motion is resolved in Defendants' favor.[1]  Recentive identifies no undue prejudice arising from the status quo.  By contrast, there is a very real risk of undue prejudice to Defendants, if they are forced to incur litigation costs in discovery that may ultimately prove futile.  Thus, the better course is to wait to engage in scheduling and other discovery-related activities until after Defendants' case dispositive motion has been resolved.  *See Bataan Licensing LLC v. DentalEZ, Inc.* No. 22-cv-238, 2023 WL 143991 at *2 (D. Del. Jan. 10, 2023) (Williams, J.) (staying proceedings where no scheduling order had been entered or case management conference held, noting that "the Court and the parties [had] invested relatively few resources in the cases since their filing") (*citing Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.")); *see also Money Suite Co. v. 21st Century Ins. & Fin. Servs., Inc.*, No. CV 13-1747-GMS, 2014 WL 12789810, at *1 (D. Del. Jan. 9, 2014) (*sua sponte* order staying litigation

---

[1] Recentive mischaracterizes Defendants' position as a "refus[al]" to discuss discovery.  The parties have had several calls and emails about discovery, during which Defendants sought to explain their position and informed Recentive that they were prepared to otherwise bring the issue to the attention to the Court.

4855-0461-6821.v1

The Hon. Gregory B. Williams                                                                         August 7, 2023
Page 2

in which a motion to dismiss under 35 U.S.C. § 101 had been fully briefed, the Court finding it appropriate to do so pending the outcome of the Supreme Court's ruling in *Alice v. CLS Bank* because "a decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's inherent power to conserve judicial resources by controlling its own docket.") (internal quotation marks and citations omitted).

Finally, decisions by the Federal Circuit handed down after the parties' submitted their analogous authorities to the Court confirm the strength of Defendants' motion. *See Sanderling Mgmt. Ltd. v. Snap Inc.,* 65 F.4th 698 (Fed. Cir. 2023) (attached as **Exhibit A**); *Realtime Data, LLC v. Array Networks Inc. et al.*, 2023 WL 4924814 (Fed. Cir. Aug. 2, 2023) (attached as **Exhibit B**).

Accordingly, Defendants respectfully request that the Court continue to defer the Rule 16(b) scheduling conference until after Defendants' motion to dismiss is resolved.

Respectfully submitted,

*/s/ T. Rah*

Thatcher A. Rahmeier